# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

WILLIE DEE VAN, JR.,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV511-117

BLACKSHEAR POLICE
DEPARTMENT, and
CHRIS CARTER,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Willie Dee Van Jr. ("Plaintiff") filed an action pursuant to 42 U.S.C. § 1983. Plaintiff also filed an Application to Proceed in forma pauperis. A plaintiff seeking to proceed in forma pauperis must comply with the mandates of 28 U.S.C. § 1915, which states, in part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490.

AO 72A
(Rev. 8/82)

Plaintiff alleges that Defendant Chris Carter and Jason Yarbough used a racial slur and threatened to kill him. Both Carter and Yarbough are employed by the Blackshear Police Department, and both men were off-duty at the time of the alleged incident. Plaintiff has named Carter and the Blackshear Police Department as Defendants in this case.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff fails to make any allegations that Defendant Carter was a person acting under color of state law at the time of the alleged incident. In fact, Plaintiff states twice that Defendant Carter was "off duty," and thus not working as a police officer, at the time of the alleged incident. From the face of Plaintiff's Complaint, he alleges harm caused by wholly private actors. Additionally, the Court of Appeals for the Eleventh Circuit has stated that "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)). Therefore, the harm Plaintiff alleged does not rise to the level of a constitutional violation. Plaintiff has failed to meet both prongs of the Hale test; as a result, Plaintiff has failed to state a claim under § 1983 against Defendant Carter.

AO 72A
(Rev. 8/82)

Plaintiff never alleges any harm caused by the Blackshear Police Department. To the extent that Plaintiff named the Blackshear Police Department under a theory of respondeat superior, Plaintiff has not shown that he has a cognizable § 1983 claim against its employee, Defendant Carter, or that Defendant Carter was acting within the scope of his employment at the time of the alleged incident. As a result, Plaintiff has failed to state a claim under § 1983 against the Blackshear Police Department.

## CONCLUSION

Plaintiff's Application to Proceed in forma pauperis is **DENIED**. Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **dismissed** for failure to state a claim upon which relief may be granted.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 4th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE